## NIELSEN v. PLANTERS' TRUST & SAVINGS BANK OF OPELOUSAS.*
### No. 1468.

Court of Appeal of Louisiana.
First Circuit.

May 14, 1935.

E. G. Burleigh, of Opelousas, for appellant.

A. M. Guilbeau, L. B. Sandoz, and W. C. Perrault, all of Opelousas, for appellee.

DORE, Judge.

This is an action instituted by the plaintiff against the defendant bank in the nature of damages caused to him by the said bank in the payment of a cashier's check drawn in plaintiff's favor by the defendant bank, to which action defendant filed an exception of no right or cause of action.

There was judgment for defendant sustaining the exception. Plaintiff has appealed.

For the purpose of determining the correctness of the decision of the lower court, it may be stated in the beginning that all facts well pleaded are taken as true.

From the reading of the plaintiff's petition, he asserts the fact that he drifted into a gambling establishment, wherein playing and betting at a banking game was being operated and being played by a gambling device known as a roulette wheel. He further asserts that his losses therefrom amounted to the sum stated by him; and, in payment of the losses, he delivered unto the "Banker" of the game, a cashier's check drawn in his favor by defendant bank and properly indorsed by him. On the following banking day, he notified the defendant not to pay or deliver to any one the amount called for by the said cashier's check, whereupon de-

*Rehearing denied June 14, 1935. Writ of error granted by Supreme Court July 11, 1935.

fendant requested that the plaintiff furnish bond in a small amount to indemnify it for any damages which it may sustain by virtue of its refusal; he failed to do so, and the defendant bank paid over to the parties presenting the said cashier's check the amount according to its tenor.

The question presented is whether or not a bank can be held in damages for the honoring of its cashier's check whenever the payee notifies the bank not to honor the same, he admitting, however, that his indorsement was genuine, and his indorsement not having been obtained through duress, fraud, or deceit, but simply being given in the payment of a loss by gaming.

It is therefore very clear that this action may be termed as one in damages or one to recover that which was lost in gaming according to C. C. arts. 2983 and 2984.

Has the plaintiff a right or cause of action against the defendant?

[2] A cashier's check is a check of the bank, and is an obligation thereof. The defendant could not refuse to meet its obligation thereunder, the only requisite being that the indorsement of the payee be genuine. It could not be expected to look beyond the indorsement. The payee, not having charged forgery of his indorsement, the bank recognizing his indorsement, had no alternative but to pay the check; it was its own obligation.

The bank, as maker of the check, could have no interest in the matter save and except to meet its own obligation. It had to pay its check, and it was not important to it to whom it was paid. It was part of its obligation to pay to whom the payee shall deliver it, and authorize to receive the contents; it had no right to inquire whether the payee parted from it for a legal or an illegal consideration or no consideration at all. To hold otherwise, every individual giving a check in payment of a debt would be called upon to interrogate the original payee to ascertain from him the consideration for which he parted from the ownership of the check; and this ruling is in accordance with the Negotiable Instruments Act (Act No. 64 of 1904, as amended). The defendant bank, according to plaintiff's own petition, did more than necessary. It requested and was willing to refuse to honor its own check provided plaintiff would furnish security for any damages it may have suffered. He failed to do so, and he should not complain on that score.

Now, in passing, let us take up the position of the plaintiff in his argument to this court that there was no consideration. In answer to this position, we say that it is not within the province of the drawer of a check to ascertain and be informed that there was a sufficient consideration for the transfer of a negotiable instrument as long as the indorsement is genuine and was not obtained through fraud, duress, or deceit.

As to the score of there being a gambling loss, not prohibited in so far as he was concerned, we answer that the same shows that in reality this is a suit for the purpose of recovering that which has been lost and/or paid in a gambling game—the loser not averring that, on the part of the winner, fraud, deceit, or swindling has been indulged in.

The winner, on being paid, has a right to retain the property or money won against the loser. Plaintiff sets out that he paid his gaming losses by the indorsement and delivery of defendant's check.

Civil Code, art. 2983 provides: "The law grants no action for the payment of what has been won at gaming or by a bet, except for games tending to promote skill in the use of arms, such as the exercise of the gun and foot, horse and chariot racing. And as to such games, the judge may reject the demand, when the sum appears to him excessive."

Article 2984 provides: "In all cases in which the law refuses an action to the winner, it also refuses to suffer the loser to reclaim what he has voluntarily paid, unless there has been, on the part of the winner, fraud, deceit, or swindling."

These articles are not repeated by the General Provisions of the Uniform Negotiable Instrument Act. These articles are special articles dealing with gaming, and control General Statutes, such as the Uniform Negotiable Instrument Act, and must take precedent.

The plaintiff's allegation being to the effect that he paid his losses by the delivery of this cashier's check, could he, by an action in this state, under article 2984, recover this check from the holder? It is our opinion that he could not do so, hence he cannot do anything indirectly that he could not do directly.

Judgment affirmed.

ELLIOTT, Judge (dissenting).

As soon as Nielsen indorsed and delivered the cashier's check issued to him, he made it a negotiable instrument in the hands of Amy, operator of the roulette wheel.

Under Act No. 64 of 1904, §§ 3 and 4, Amy was a holder of it in bad faith, and I think Nielsen's timely disclosure and protest to the defendant bank protected Nielsen's rights against Amy.

Under the Civil Code, arts. 1893 and 1895, Amy obtained it and held it without consideration.

I agree with plaintiff that, under Act No. 12 of 1870, the operator of the wheel was a gambler, but that the act does not make the plaintiff, Nielsen, a violator of the law; therefore Nielsen has a right and a cause of action to recover of the bank under the circumstances the amount of the check.

I think he could have recovered it against Amy, and his right is the same under the averments of the petition against the bank.

I think the judgment appealed from should be reversed, and the case remanded.